-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL A. GRIFFITH, #037-178-756,

                    Petitioner,

                                                    DECISION AND ORDER
            -v-                                     05-CV-0644S

DEPT. OF HOMELAND SECURITY,

                    Respondent.

---

      Petitioner Daniel Griffith, who is currently detained, has filed a petition pursuant to 28 U.S.C. § 2241, seeking to challenge a final order of removal.. (Docket No. 1).  Petitioner also seeks permission to proceed *in forma pauperis* (Docket No. 2).   For the following reasons, petitioner's application to proceed *in forma pauperis* is granted and the petition is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal.  **Petitioner must therefore re-file this petition with the Second Circuit Court of Appeals (or "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings") immediately and any requests for a stay of removal must be made directly to the Court of Appeals for the Second Circuit or the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.**

      On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005).  Specifically, section

106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"),

8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provides that the "district court shall

transfer . . . to the court of appeals any case "challenging a final administrative order of removal that

is "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act

of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition was filed in this Court on September 12, 2005 and, according to the

petition, seeks review of an order of removal. Petitioner does not challenge his continued detention

and only seeks review of the final order of removal.

The Court finds that since petitioner challenges an order of removal within in the meaning

of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has

no jurisdiction to review the merits of the petition or to stay the order of removal. Since the petition

was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to

the court of appeals. *McDonald v. Mule*, No. 05-CV-6367CJS(FE), 2005 WL 1971896, (W.D.N.Y.,

---

[1]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2). If the immigration proceedings were completed within the States of New York, Vermont or Connecticut, the appropriate court of appeals in which this petition should be re-filed would be the Second Circuit Court of Appeals.

August 9, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005).[2]

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals.[3] REAL ID Act, § 106(a)(1)(B).

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the petition is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals

---

[2] On July 14, 2005, the Acting United States Attorney for the Western District of New York submitted a letter to the Chief Judge of this Court (Hon. Richard J. Arcara) advocating that the Court, pursuant to the Real ID Act, § 106(a)(1)(B)(5), must dismiss all petitions for habeas corpus relief, pursuant to 28 U.S.C. § 2241, filed on or after May 11, 2005, that challenge a final order of removal and that the plain language of the Real ID Act does not authorize the Court to transfer said petitions to the court of appeals inasmuch as the Real ID Act only expressly authorizes transfers of cases that were "pending" as of the effective date of said statute.

[3] INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

or the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

**FURTHER**, that leave to appeal as a poor person is denied.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

•       United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

•       James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 21, 2005
Rochester, New York